UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DERRICK RUIZ,

        Plaintiff

- against -

SANDY POLANCO, Tax ID# 930968, and
John Does #1 – 3,

        Defendants

---

JUDGE RAMOS

14 CV 7974

**COMPLAINT**

Civil Action No.

<u>JURY TRIAL DEMANDED</u>

ECF CASE



Plaintiff Derrick Ruiz, by and through his attorneys, Peter A. Cross and Robert Rickner of Eaton & Van Winkle, LLP, complaining of the Officer Sandy Polanco and John Does #1-3 (hereinafter ("Defendants")), states as follows:

## INTRODUCTION

1. Plaintiff Derrick Ruiz was wrongfully arrested by the Defendants – who had no probable cause or reason to believe he was engaged in any wrongdoing – on July 18, 2012 at around 6:15 am in his home in the Bronx.

2. Following this wrongful arrest, Mr. Ruiz was handcuffed, paraded through his neighborhood, taken to a precinct in the Bronx, taken to central booking and, approximately a day later, released. While he was detained, the Defendants searched Mr. Ruiz's bedroom, destroying most of the furniture in the process. No drugs were found on Mr. Ruiz or in his bedroom.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over claims arising under 42 U.S.C. § 1983.

4. Pursuant to 28 U.S.C. § 1391(b) venue is proper in the Southern District of New York, the judicial district in which the claims arose.

## JURY DEMAND

5. Pursuant to the Seventh Amendment of the United States Constitution, the Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

6. PLAINTIFF DERRICK RUIZ was at all times material to this complaint a citizen and resident of the State of New York. He is currently a citizen of the State of New York residing in New York, New York.

7. DEFENDANT SANDY POLANCO, tax identification number 930968 and shield number 017982, is a New York City Police Officer, and has been one at all times material to this complaint.

8. DEFENDANTS JOHN DOE OFFICERS #1 – 3, whose actual names the Plaintiff has been unable to ascertain despite reasonable efforts to do so, but who are sued herein by the fictitious designation "John Doe," represent those officers in the New York City Police Department who, at the direction of Officer Polanco, assisted and participated in wrongfully arresting Mr. Ruiz.

## NATURE OF THE ACTION

9. This action arises under the Constitution and laws of the United States, particularly the Fourth Amendment of the Constitution of the United States, 42 U.S.C. §§ 1983, 1985 and 1988, and the laws of the State of New York, for the false arrest of Mr. Ruiz.

## THE FACTS

10. The following facts are pled on information and belief, based on the personal knowledge of Mr. Ruiz and the records of the Supreme Court, Bronx County, State of New York.

11. On July 18, 2012 at approximately 6:00 am Mr. Ruiz was asleep in his apartment, number 10, at 948 East 179th Street in the Bronx in New York City. The apartment was long, with the front door at one end. Mr. Ruiz's bedroom, which also includes a small adjacent room, was the furthest from the front door, approximately 35 feet away. Mr. Ruiz's then girlfriend Nicole Rose was also in the room, along with their daughter, and Ms. Rose's nephew. At the other side of the apartment, across the hall from the front door, was another bedroom where Jhonathan Albino, Ms. Rose's brother, lived.

12. At approximately 6:15 am, the Defendants Officer Polanco and John Does #1-3 kicked in the front door of the apartment.

13. Mr. Ruiz woke up when he heard one of the Defendants scream "put the dog in the fucking bathroom," and then started to open the door to the bedroom. When he had partially opened the door, he saw the Defendants. Two of them, John Does #1 and #2, were in SWAT gear. John Doe #1 had a riot shield and John Doe #2 had an assault rifle. Officer Polanco and John Doe #3 were in plain clothes. One of the Defendants told Mr. Ruiz to "get the fuck on the floor." Mr. Ruiz complied.

14. Officer Polanco directed the other Defendants to assist in arresting Mr. Ruiz. John Doe #1 pressed the riot shield against Mr. Ruiz's back while John Doe #2 pointed the assault rifle at Mr. Ruiz. Either Officer Polanco or John Doe #3 placed handcuffs on Mr. Ruiz.

3

15. Officer Polanco is listed as the arresting officer in the files of the Supreme Court, Bronx County, State of New York and later provided a sworn statement regarding the arrest.

16. After being placed in handcuffs, Mr. Ruiz was thrown into the living room. He was not allowed to get dressed properly. Ms. Rose and her nephew were also handcuffed and placed in the living room. Mr. Ruiz's young daughter saw her father in handcuffs.

17. While he was in the living room, Mr. Ruiz heard the Defendants discussing Mr. Albino, saying that they found drugs in Mr. Albino's room. Mr. Ruiz did not know that Mr. Albino had drugs of any kind. In fact, Mr. Albino's room had a lock on it.

18. Mr. Ruiz asked why he was being arrested and one of the Defendants said that because drugs were anywhere in the apartment, everyone was accountable.

19. Sometime later, Mr. Ruiz was taken outside. As he was leaving, he saw that the door to Mr. Albino's bedroom, which is right across from the front door of the apartment, was damaged. Once outside, people in the neighborhood could see Mr. Ruiz in handcuffs and half dressed, which was embarrassing.

20. Eventually, Mr. Ruiz was put into a police car and taken to a precinct in the Bronx. He was questioned by police, and told them that he knew nothing about any drugs.

21. Later Mr. Ruiz was taken to central booking, where he spent the rest of the day and the whole night. He was arraigned the following day, pled not guilty, and was released on his own recognizance. The police officers took Mr. Ruiz's Blackberry, but it was not returned to him when he was released and he did not ever get it back.

22. When Mr. Ruiz returned to the apartment he found that the Defendants had destroyed the furniture and other items in his bedroom and in the small room attached to the bedroom where his daughter slept. The furniture, including the bed and dresser, were completely

destroyed. It cost approximately $800 to replace, half of which was paid by Mr. Ruiz. It also took a substantial amount of time to clean up.

23. Later, Mr. Ruiz was indicted for criminal possession of heroin and marijuana, specifically violations of Penal Law §§ 220.12(1), 220.09(1), 220.03, 220.50(2), 221.10 (2), and 221.05.

24. During the court proceedings, in a sworn statement, Officer Polanco never said he had a warrant to arrest Mr. Ruiz. This sworn statement explains that all of the drugs were found inside Mr. Albino's bedroom and in Mr. Albino's possession. Officer Polanco's statement also contains no explanation of why Mr. Ruiz was arrested, except to say that he was in the same apartment as Mr. Albino and Mr. Albino's drugs.

25. On information and belief, there was no warrant of any kind for the arrest of Mr. Ruiz at any time relevant to this complaint.

26. Over the following years, Mr. Ruiz had to return to court multiple times. He was pressured to testify against Mr. Albino, but he had no testimony to give because he had no idea that Mr. Albino had any drugs. On February 14, 2014, the charges against Mr. Ruiz were dismissed.

## COUNT ONE

42 U.S.C. § 1983
for False Arrest

27. Plaintiff hereby incorporates paragraphs 1 through 26 as if fully set forth herein at length.

28. Defendants intentionally confined Mr. Ruiz for over 24 hours by placing him in handcuffs and arresting him, causing him to be detained in his home, outside his home, in a police car, in a police precinct, and then in central booking.

5

29. Mr. Ruiz was aware that the Defendants were confining him.

30. Mr. Ruiz did not consent to the confinement.

31. The confinement was not privileged. The Defendants did not have a warrant to arrest Mr. Ruiz, and the Defendants did not have probable cause to arrest Mr. Ruiz because all of the drugs were found in Mr. Albino's possession, in Mr. Albino's bedroom. No drugs of any kind were found on Mr. Ruiz or in his bedroom.

32. This false arrest deprived Mr. Ruiz of his rights guaranteed under the Fourth Amendment of the Constitution of the United States.

33. Mr. Ruiz suffered the following damages as a result of his wrongful arrest and Defendants' actions: Mr. Ruiz was put in physical pain when John Doe #1, operating at Officer Polanco's direction, pressed a riot shield into his back. Mr. Ruiz was made afraid for his life when John Doe #2, operating at Officer Polanco's direction, pointed a loaded assault rifle at him. Mr. Ruiz was confined and stripped of his liberty for over 24 hours. Mr. Ruiz was embarrassed by being arrested in front of his girlfriend, his daughter, and his nephew. Mr. Ruiz was further embarrassed by being placed in full view of his neighborhood while half-dressed and in handcuffs. Mr. Ruiz was injured, both mentally and financially, when the Defendants destroyed the furniture in his bedroom in a futile search for drugs. Mr. Ruiz was injured when the police officers took his Blackberry. And Mr. Ruiz was injured when he lost his security guard's license because of the arrest, causing him to earn a lower wage.

WHEREFORE, Mr. Ruiz prays as follows:

A. That the Court award compensatory damages to him and against all Defendants, jointly and severally on each and every claim herein, in an amount to be determined at trial;

B. That the Court award punitive damages to him and against all Defendants, in an amount to be determined at trial, that will deter such conduct by Defendants in the future;

C. For a trial by jury;

D. For pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

E. For any and all other relief to which he may be entitled.

Dated: New York, New York
October 2, 2014

EATON & VAN WINKLE LLP

By: _____
Robert Rickner, Esq.
Peter Cross, Esq.
*Attorneys for Plaintiff*
*Derrick Ruiz*
3 Park Avenue
New York, New York  10016
(212) 561-3605 – tel
(212) 779-9928 – fax
rrickner@evw.com